IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM R. BOONE,                    )
                                     )
            Plaintiff,               )
                                     )
    v.                               ) Civil Action No. 04-248J
                                     )
JO ANNE B. BARNHART,                 )
COMMISSIONER OF                      )
SOCIAL SECURITY,                     )
                                     )
            Defendant.               )

MEMORANDUM JUDGMENT ORDER

AND NOW, this  27th  day of February, 2006, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 12) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 10) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir.

2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed an application for DIB on April 11, 2003, alleging disability beginning February 1, 2003, due to heart disease, tremors, anxiety, hiatal hernia and inflammatory bowel disease. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on April 5, 2004, at which plaintiff appeared represented by counsel. On June 9, 2004, the ALJ issued a decision finding that plaintiff is not disabled. Plaintiff's subsequent request for review by the Appeals Council was denied, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 47 years old at the time of the ALJ's decision and is classified as a younger individual under the regulations. 20 C.F.R. §404.1563(c). Plaintiff has a ninth grade education. Plaintiff has past relevant work experience as a custodian, but he has not engaged in substantial gainful activity since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff, plaintiff's wife and a vocational expert

- 2 -

at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairments of coronary artery disease, tremors and anxiety disorder, those impairments alone, or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1, 20 C.F.R., Subpart P, Regulation No. 4 (hereinafter, "Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform a wide range of sedentary work with a sit/stand option and a number of other restrictions. Plaintiff is limited to work that does not involve lifting and carrying more than 10 lbs., that does not involve prolonged sitting, standing or walking, and that does not involve climbing, balancing, stooping or stair climbing. In addition, plaintiff is precluded from work that involves exposure to temperature or humidity extremes, heights or moving machinery. Further plaintiff requires work that does not involve frequent interaction with the public, co-workers or supervisors, and that does not involve significant writing due to his tremors. Finally, plaintiff is limited to simple, routine, unskilled job tasks (collectively, the "RFC Finding"). As a result of these limitations, the ALJ determined that plaintiff could not perform his past relevant work. Nonetheless, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable him to make a vocational

adjustment to other work that exists in significant numbers in the national economy, such as a lunch packer, grader/sorter, product inspector or hand collator. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(2)(A).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§404.1501-.1598. The process is sequential, following a "set order" of inquiries. 20 C.F.R. §404.1520(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000).

If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §404.1520(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at steps 3 and 5 of the sequential evaluation process. At step 3, plaintiff claims that the ALJ's finding that his impairments do not meet or equal any listing in Appendix 1 is not supported by substantial evidence. Further, plaintiff asserts that the ALJ's step 5 finding that he retains the residual functional capacity to perform work that exists in the national economy is not supported by substantial evidence. The court disagrees with plaintiff's arguments.

Plaintiff first challenges the ALJ's findings at step 3 of the sequential evaluation process. At step 3, the ALJ must determine whether the claimant's impairment matches, or is equivalent to, one of the listed impairments. Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education or work experience, from performing any gainful activity. 20 C.F.R. §404.1525(a); Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000). "If the impairment is equivalent to a listed impairment, then [the claimant] is per se disabled and no further analysis is necessary." Burnett, 220 F.3d at 119.

It is the ALJ's burden to identify the relevant listed impairment in the regulations that compares with the claimant's

impairment. Id. at 120 n.2. However, it is the claimant's burden to present medical findings that show his impairment matches or is equivalent to a listed impairment. Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992). In determining whether the claimant's impairment meets or equals a listed impairment, the ALJ must set forth the reasons for his decision. Burnett, 220 F.2d at 119.

Plaintiff's step 3 argument is that the ALJ erred in failing to find that he meets listing 4.04 (relating to ischemic heart disease) or listing 12.06 (relating to anxiety disorders). Contrary to plaintiff's position, a review of the record establishes that the ALJ employed the appropriate analysis in arriving at his step 3 finding. The ALJ analyzed the medical evidence of record and found that plaintiff has coronary artery disease, tremors and anxiety disorder, which are severe impairments. The ALJ determined, however, that plaintiff's impairments do not meet or equal a listed impairment. The ALJ stated that he considered the listings contained in section 4.00 of Appendix 1 for cardiovascular disorders, 11.00 for neurological disorders and 12.00 for mental disorders, and he specifically found that plaintiff's condition does not meet or equal the criteria of any listing. The ALJ then explained his reasoning as to why plaintiff's impairments do not meet or equal those listings. (R. 14). In support of these findings, the ALJ cited results of medical tests and examinations (with regard to plaintiff's cardiac problems and tremors), and plaintiff's lack of mental health treatment for his anxiety problems, as well as the

fact that plaintiff has only mild limitations in activities of daily living, moderate limitations in social functioning and concentration, persistence or pace, and no episodes of decompensation. (R. 14, 16).

The ALJ satisfied his burden; however, plaintiff failed to sustain his burden of showing that his impairments meet, or are equal to, a listing. Other than broadly asserting that he meets or equals the criteria of certain listings, plaintiff did not explain how the medical evidence establishes that to be so. For all of these reasons, the court finds that the ALJ's step 3 finding is supported by substantial evidence.

The court likewise finds that the ALJ's step 5 finding is supported by substantial evidence. At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with his age, education, past work experience and residual functional capacity. 20 C.F.R. §404.1520(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §404.1545(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §404.1545(a)(4).

Here, plaintiff challenges the ALJ's step 5 finding on three grounds, none of which the court finds persuasive. Plaintiff

argues that the ALJ erred at step 5 because: (1) the ALJ gave inadequate weight to the opinion of plaintiff's treating and examining physicians; (2) the ALJ did not properly evaluate plaintiff's subjective complaints regarding his limitations; and (3) the ALJ's hypothetical question to the vocational expert did not include all of his limitations.

Plaintiff first contends that the ALJ erred by giving inadequate weight to the opinion of his treating cardiologist, Dr. Craig Brandt, and to the opinion of Dr. Carlos Wiegering, who performed a consultative examination of plaintiff. A treating physician's opinion on the nature and severity of a claimant's impairment will be given controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other evidence of record. 20 C.F.R. §404.1527(d)(2); Fargnoli, 247 F.3d at 43. Under this standard, neither Dr. Brandt's nor Dr. Wiegering's opinion was entitled to controlling weight.

Dr. Brandt stated that plaintiff was disabled. This opinion is contrary to the evidence of record, which indicates that plaintiff achieved good results on a stress test in November 2002 and his coronary artery disease continued to improve after that time. (R. 141, 215-17, 220-22, 313-15, 317-19). Contrary to his own opinion of disability, Dr. Brandt stated in March 2004 that plaintiff had "mild" coronary artery disease of the main trunk and proximal left anterior descending coronary artery and "moderate" disease of the mid portion of the right coronary artery with only

- 8 -

"mild" left ventricular dysfunction. (R. 328). In addition, plaintiff's primary care physician, Dr. Niyaz Azad, noted that Dr. Brandt was "rather satisfied with his progress." (R. 317). Dr. Azad also reported that moderate activities do not cause plaintiff chest pain. (R. 313).

Plaintiff also claims that the ALJ improperly discounted Dr. Wiegering's opinion that plaintiff could only lift 2-3 lbs. This argument also lacks merit. Dr. Wiegering's consultative examination of plaintiff generally was unremarkable, and the ALJ's RFC Finding was fairly consistent with Dr. Wiegering's assessment of plaintiff's ability to perform physical activities, other than the 2-3 lifting requirement. (R. 272-74). Nonetheless, Dr. Wiegering's limitation of plaintiff's ability to lift is undermined by plaintiff's testimony at the hearing that he could lift up to 40 lbs. (R. 352).

For all of the reasons discussed herein, the ALJ properly assessed the opinion of both Dr. Brandt and Dr. Wiegering. The ALJ explained his assessment of each doctors' respective opinion (R. 18-19), and the court is satisfied that the ALJ's decision on this issue is supported by substantial evidence.

Plaintiff's second step 5 argument is that the ALJ did not properly evaluate his subjective complaints concerning his tremors, panic attacks and alleged fatigue. A claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §404.1529(c)(2); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). Moreover, an ALJ may

reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999). After reviewing the record in this case, the court is satisfied that the ALJ properly evaluated plaintiff's subjective complaints.

In evaluating plaintiff's complaints, the ALJ complied with the appropriate regulations and considered the relevant evidence in the record, including medical findings, plaintiff's daily activities, his medications and treatment, the fact that he never reported any side effects of medications, such as fatigue, to his treatment providers, plaintiff's own statements about his limitations and statements by treating and consulting physicians about his conditions. See 20 C.F.R. §404.1529(c)(1); Social Security Ruling 96-7p. As required by 20 C.F.R. §404.1529(c)(4), the ALJ then considered the extent to which plaintiff's alleged limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect his ability to work. The ALJ determined that the objective evidence is inconsistent with plaintiff's subjective complaints. Accordingly, the ALJ determined that plaintiff's testimony regarding his limitations was not entirely credible. (R. 20). This court finds that the ALJ adequately explained the basis for his credibility determination in his decision (R. 16-18), and is satisfied that such determination is supported by substantial evidence.

Plaintiff's final argument is that the ALJ's hypothetical to

the vocational expert was flawed because it did not account for his tremors, panic attacks and fatigue. An ALJ's hypothetical to a vocational expert must reflect all of the claimant's impairments and limitations supported by the medical evidence. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). Here, the ALJ's hypothetical incorporated all of plaintiff's limitations that the evidence of record supported, including all of the factors that were the basis of the RFC Finding.

Contrary to plaintiff's suggestion, the ALJ accounted for his tremors by limiting him to work that does not involve significant writing. The ALJ accounted for plaintiff's panic attacks by limiting him to work that does not involve frequent interaction with the public, co-workers or supervisors, and by limiting him to simple, routine, unskilled job tasks. Although the medical records do not document plaintiff complaining of fatigue, the ALJ restricted plaintiff to sedentary work with a sit/stand option, and he limited plaintiff to lifting no more than 10 lbs. and restricted his postural activities. The court finds that the ALJ's hypothetical to the vocational expert fairly set forth every credible limitation established by the evidence of record. Nothing in the record suggests that any other limitations should have been incorporated into the hypothetical. Accordingly, the ALJ did not err in relying on the vocational expert's testimony to conclude that plaintiff can perform other work which exists in the national economy.

After carefully and methodically considering all of the

medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act.    The ALJ's findings and conclusions are supported by substantial    evidence    and    are    not    otherwise    erroneous. Accordingly, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc:   J. Kirk Kling, Esq.
      630 Pleasant Valley Blvd.
      Suite B
      Altoona, PA 16602

      John J. Valkovci, Jr.
      Assistant U.S. Attorney
      224 Penn Traffic Building
      319 Washington Street
      Johnstown, PA 15901

- 12 -